UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN MAKER, et al., § | |
|       Plaintiffs, § | |
| § | |
| v. § | Civil Case No. 3:17-CV-1895-S-BK |
| § | |
| AMBER DAVILA, et al., § | |
|       Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States magistrate judge for pretrial management. *See* Doc. 16 and 28 U.S.C. § 636(b). As detailed below, this action should be dismissed with prejudice for lack of prosecution and failure to obey a Court order.

**A. Procedural History**

Plaintiffs, who purport to sue Defendants "individually and as representatives of the Estate of [L.W.], deceased" ("the Estate"), filed their complaint in July 2017, Doc. 1, with the assistance of counsel. The complaint alleges that Plaintiff Brian Maker is the biological father of four-year-old L.W. and that Plaintiff Alisa Clakley is L.W.'s paternal grandmother. Doc. 1 at 2. Plaintiffs assert numerous federal and state causes of action against Defendants, and they additionally seek declaratory and injunctive relief. Doc. 1 at 10-13, 17-20.

In August 2017, Plaintiffs' counsel moved to withdraw from representation, asserting that she and Plaintiffs had come to disagree about case strategy and Plaintiffs desired to discharge counsel. Doc. 5 at 1-2. The district judge granted counsel's motion and stayed the case for 60 days to allow Plaintiffs to obtain new counsel. Doc. 12. To date, however, no attorney has filed an entry of appearance on Plaintiffs' behalf. In the interim, several Defendants have moved to dismiss Plaintiffs' case. Doc. 6; Doc. 8; Doc. 14. When Plaintiffs failed to respond to either of

the three motions to dismiss, the Court issued an order on February 27, 2018, directing Plaintiffs to respond to each motion to dismiss no later than March 26, 2018, if they were opposed to the relief Defendants sought.  Doc. 20.  Neither Plaintiff filed a response to any of the pending dismissal motions.

The Court subsequently issued an *Order to Show Cause* after further review of the operative complaint revealed that Plaintiffs likely were not legally capable of representing the Estate *pro se*.  Doc. 23.  Accordingly, Plaintiffs were ordered to (1) explain in writing how either or both of them had the legal capacity to represent the Estate *pro se*; and (2) file responses to each of the three pending motions to dismiss.  Doc. 23 at 3.  Additionally, the Court ordered Plaintiffs to register to file pleadings electronically as required by Northern District of Texas Local Civil Rule 5.1.  Doc. 23 at 4.  Plaintiffs were warned that if they failed to respond to the *Order to Show Cause*, respond to the pending motions to dismiss, or register to file electronic pleadings, their case could be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a Court order.  Doc. 23 at 3-4.  The deadline for responding to the Court's *Order to Show Cause* was April 30, 2018, and Plaintiffs have failed to comply with any of the Court's directives.

**B.  Applicable Law and Analysis**

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Rule 41(b) also permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of

civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

In this case, Plaintiffs have repeatedly failed to comply with court orders and rules. As previously recounted herein, Plaintiffs failed to respond to three different motions to dismiss. Even after the Court warned Plaintiffs of the consequences of not responding to the motions and gave them additional time to respond, Plaintiffs did not do so. Doc. 20. Additionally, they did not register for CM/ECF as required by Northern District of Texas Local Civil Rule 5.1, despite being ordered to do so. Doc. 23. Finally, Plaintiffs did not respond in any way to this Court's *Order to Show Cause* why their case should not be dismissed for lack of prosecution and failure to obey a court order.

Under these circumstances, the Court finds that Plaintiffs have caused this case to lag, as they have personally taken no action on the record since their counsel moved to withdraw nine months ago. *Berry*, 975 F.2d at 1191. The Court additionally finds that Plaintiffs' failure to follow Court rules and comply with Court orders is willful and intentional. *Id.* In short, Plaintiffs have neglected their case entirely. Accordingly, the Court recommends that this case be dismissed with prejudice.

### C. Conclusion

For the reasons stated above, this action should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 30, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4